**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDY JOSUE RIVERA ACIEGO,

Petitioner,

v.

Case No. 1:26-cv-02545-MIS-JMR

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director, Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Andy Josue Rivera Aciego's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed August 4, 2026. The Federal Respondents, Todd Blanche, Markwayne Mullin, Mary De Anda-Ybarra, and David Venturella, filed a Response August 21, 2026 ("Response"). ECF No. 7. Upon Review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Honduras who entered the U.S. in 2018 at the age of thirteen, after he and his mother fled their native country. Pet at 9. Upon reaching the U.S. border, Petitioner and his mother presented themselves to immigration officials, were admitted, and then released into the country. Id. Shortly thereafter, Petitioner moved to Iowa to stay with his aunt and continue his

high school education. Id. He remained in Iowa after graduating high school and enrolled in North Iowa Area Community College to study agricultural operations management. Id. Petitioner has no criminal record. Id. at 10.

Nevertheless, on September 13, 2025, Petitioner was detained by immigration officials after being stopped for a traffic violation while driving to campus. Id. He has remained detained ever since and is currently detained at Cibola County Correctional Center in Milan, New Mexico. Id. at 1.

At the direction of a federal district court in Texas, Petitioner received a bond hearing before an immigration judge on June 18, 2026, at which "the immigration judge denied Petitioner bond … finding he is a flight risk." Resp. at 1-2.

On August 4, 2026, Petitioner filed the instant Petition seeking immediate release. ECF No. 1 at 7. Federal Respondents filed a Response to the Petition on August 21, 2026, ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d

1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III. Discussion**

Petitioner argues that he has yet to receive a constitutionally adequate bond hearing pursuant to § 1226 because the Immigration Judge's determination did not rest on an individual assessment of the evidence. Pet at 7. Additionally, Petitioner argues that his prolonged detention without release is excessive and violates his due process rights under the Fifth Amendment to the United States Constitution. Id. at 6. As such, Petitioner asks the Court to order him immediately released from immigration custody. Id. at 7.

Respondents argue that the Petition should be denied because Petitioner received a bond hearing before an immigration judge on June 18, 2026, during which the immigration judge denied Petitioner's request for bond. Resp. at 1-2. As such, Respondents argue the Court lacks jurisdiction to review the Immigration Judge's denial of bond pursuant to 8 U.S.C. § 1226(e) and the Petition should be denied. Id.

Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also Mwangi v. Terry, 465 F. App'x 784, 786 (10th Cir. 2012). Here, on June 18, 2026, an Immigration Judge held a bond hearing and denied release finding Petitioner a "flight risk." Resp. at 2. However, Petitioner argues the immigration judge did not actually make an individual assessment of Petitioner's case during that hearing as factors such as family ties to the U.S. and criminal history were not commented on. Pet. at 6-7. Respondents do not specifically respond to Petitioner's claim that the bond hearing was constitutional inadequate; rather, they merely state the Immigration Judge found Petitioner a "flight risk." Resp.

at 2. Respondents also did not provide the Court with a copy of the Immigration Judge's June 18, 2026, Order. See generally Resp. Thus, the Court cannot discern what analysis—if any—the Immigration Judge engaged in when reaching their flight risk determination and therefore has inadequate information to make a finding as to the constitutional adequacy of the bond hearing Petitioner received.

However, adequacy of Petitioner's bond hearing aside, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court has applied to individuals detained under Section 1226(a). See Dong v. Mullin, 26-cv-1818-MIS-LF, ECF No. 13 at 3-4 (July 7, 2026).

Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981). Under the circumstances of this case, Petitioner's indefinite, ongoing detention of nearly a year with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal. Therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and

"dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Andy Josue Rivera Aciego's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner from detention;
3. Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings; or (2) Respondents possess a valid final order of removal and concrete travel plans to remove Petitioner from the United States;
4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE